Tomás Lespier García, etc., Plaintiff and Appellant, *v.* Domingo Morales, Defendant and Appellee.

No. 9630. Argued April 2, 1948.—Decided June 2, 1948.

*Aníbal Padilla* for appellant. *José N. Dapena Laguna* for appellee.

Mr. Chief Justice Travieso delivered the opinion of the Court.

This is a suit for injunction to recover possession of certain parcels of land, and for damages. The first paragraph of the complaint reads thus:

"The plaintiff herein, Tomás Lespier, appears as attorney-in-fact, under a general power of attorney, of his aunt Doña Josefina Lespier widow of Rivera, and under the most solemn oath, through his undersigned attorney, respectfully alleges:"

The defendant, in his opposition to the motion for a preliminary injunction as well as in his answer to the complaint, set up as special defense "that the plaintiff has no legal capacity to sue, since he brought the action as an attorney-in-fact of his aunt Josefa Lespier widow of Rivera, and according to Rule 17 of the Rules of Civil Procedure in force, every action must be prosecuted in the name of the real party in interest, except actions of unlawful detainer."

The lower court, after hearing the parties for or against the question raised, granted the plaintiff a term of five days

to amend his complaint in the sense that Mrs. Lespier widow of Rivera was the plaintiff. Since the plaintiff refused to amend his complaint, the court, at the instance of the defendant, rendered judgment dismissing the complaint, with costs against plaintiff including $100 as attorney's fees. Feeling aggrieved by that decision the plaintiff took the present appeal.

Rule 17(a) of the Rules of Civil Procedure, on which the judgment appealed from is based, provides as follows:

"(a) *Action to be Prosecuted in Name of the Real Party in Interest.*—Every action must be prosecuted in the name of the real party in interest, except as otherwise provided in these rules. Appearance in court on behalf of other persons shall only be made through attorneys duly admitted to practice their profession in accordance with the law."

The foregoing Rule, which is the general rule, applies to the case at bar, as the latter is not covered by any of the exceptions established by said Rule 17, in its subdivision (c) to (k) inclusive.

According to said general rule, Mrs. Josefa Lespier widow of Rivera, alleged owner of the parcels, the possession of which is involved herein, is the real party in interest in whose name the action should have been brought. The lower court did not err in deciding that the alleged attorney-in-fact of the said lady was not entitled to appear as plaintiff.

The judgment appealed from should be affirmed.

Mr. Justice De Jesús did not participate herein.

Mr. Justice Snyder dissented.